## PRICE *vs.* WEBSTER & PALMES.

Good faith to a guarantor requires that the funds of the debtor should be applied to his own debts and not to debts for which he is not bound, and if the guarantee accepts of such a misapplication of funds for his own benefit, the guarantor may treat the wrong application as a nullity, and stand where he would do, if the right one had been made.

Assumpsit, in Sumter Superior Court. Decided by Judge ALLEN, at October Term, 1859.

Webster & Palmes sued John V. Price on a guaranty. On the trial, plaintiffs read the guaranty in evidence, which is as follows:

"OGLETHORPE, January 22d, 1853.

"*Messrs. Webster & Palmes:* Gents—The objects of this letter is to say to you that one Mr. Thomas M. Allen, a relative of mine, has taken an interest with Mr. F. M. Davis, of this place. Mr. Allen is a minor, and I will answer half the debts of the concern, and I will render them such other assistance as they may need.

(Signed)                     JOHN V. PRICE."

Plaintiffs then read a note, dated March 21st, 1854, and due at ninety days, for $737 50, signed " F. M. Davis," and payable to plaintiffs or their order.

Plaintiffs also introduced the testimony of Amos E. Webster, which is as follows:

The note sued on was given in settlement of an account for goods furnished F. M. Davis, of Oglethorpe, at the time and in the quantities mentioned in the annexed statement. Witness was clerk of plaintiffs during the period embraced in the account. All that witness knows of a partnership between Davis and Allen was gathered from Price's letter. Plaintiffs never heard of the dissolution of said partnership until this suit was brought. Plaintiffs were induced by Price's letter to furnish the goods to the concern doing business under the name of F. M. Davis.

The account annexed to the testimony of Webster, and which was also read in evidence, is made out in favor of plaintiffs against F. M. Davis, and shows items of goods furnished, and dealings between the parties, commencing in September, 1852, and continuing down to June, 1854, and showing as the result of the dealings between the parties during that entire period, a balance of $737 52, for which the note sued on was given. The aggregate amount of the account is between $7,000 00 and $8,000 00—the payments made from time to time, after the partnership of Davis & Allen was formed, having reduced it to the balance above named. The account further shows that, at the time said partnership was formed, Davis was indebted to plaintiffs some $1,500 00 or $1,600 00, and this indebtedness goes to make up in part the aggregate amount reduced by payments as above stated.

Plaintiffs closed their case, and defendant proposed to in-

troduce the testimony of Thomas M. Allen, to prove that he was in partnership with Davis a short time only and then acted as his clerk, and further, that payment of the note was never demanded of him, and that, if it had been, he could have paid it out of the effects of Davis in his hands.

The Court, on motion, rejected this evidence on the ground that Allen was interested in the event of the suit.

The jury returned a verdict in favor of plaintiffs for one half the amount of the note, and defendant moved for a new trial on the following grounds:

1st. Because the Court erred in refusing a non-suit when moved for by defendant's counsel on the ground of a want of notice to defendant in a reasonable time of the acceptance by plaintiffs of his guaranty.

2d. Because the Court erred in charging the jury that no notice is required in Georgia to be given to the guarantor of the acceptance of his guaranty, in order to fix his liability.

3. Because the Court erred in striking defendant's pleas, setting up want of notice and the great lapse of time before recourse was had to defendant to enforce this claim.

4th. Because the Court erred in rejecting the evidence of Thomas M. Allen.

5th. Because the verdict is contrary to the evidence.

6th. Because the letter of credit given by defendant is within the provisions of the Statute of Frauds.

7th. Because of variance between the allegations and proof.

8th. Because the proof shows that plaintiffs gave the principals indulgence, and shows a want of diligence in collecting the note of F. M. Davis, and does not show a demand on the principal and notice to defendant of the dishonor of the note.

9th. Because plaintiffs do not prove that, after the transaction between the parties were closed, they gave notice to defendant of the amount for which they held him liable.

There were other grounds taken, but it is unnecessary to state them.

The Court refused a new trial and defendant excepted.

S. C. ELAM, for plaintiff in error.

McCAY & HAWKINS, *contra.*

Price *vs.* Webster & Palmes.

*By the Court.*—STEPHENS, J., delivering the opinion.

A single view disposes of the case now and hereafter, and it.is unnecessary to allude to the numerous points presented in it.   We think the verdict is against the evidence.   Price guaranteed the payment of half the debts of Davis & Allen, but not a dollar of the pre-existing debts of Davis; and this note was in effect founded on one of those pre-existing debts, and not on a debt of Davis and Allen.   The payments made by Davis & Allen, if applied to their own indebtment instead of to that of Davis, would have left nothing due from them when this note was given, and the plaintiffs were bound for the correct application of the payments, and are bound now to consider and treat the payments as having been applied as they ought to have been applied.   The funds of Davis & Allen ought to have been applied to the debts of Davis & Allen.    Whether or not the misapplication was made with the consent of Davis & Allen, is immaterial; for, while the plaintiffs were not bound for the good faith of these principal debtors in transactions with other people, they *were* bound for their good faith in all transactions with themselves, depending on their own consent.   The plaintiffs could not consent to a wrong application of the funds without a violation of good faith to the guarantor, and the guarantor is entitled to treat the wrong application as a nullity, and to stand where he would do, if the right one had been made.
Judgment reversed.